CHITTENDEN,
·January,
1834.

ISAAC S. FOOTE & Co. *vs.* GUY CATLIN.

If a person agrees at a stipulated price faithfully to kiln-dry, grind and pack a quanti-
ty of corn, and does it unfaithfully, damages are to be assessed without regard to the
sum agreed to be paid for manufacturing.

*Sed Quere,* should there be evidence of non-payment of the price of manufacturing,
or a plea in offset of the same.

This was an action of *assumpsit* for the breach of an
agreement by the defendant to kiln-dry, grind and pack
for the plaintiffs, at a stipulated price, a quantity of corn.
Plea, *non-assumpsit.*

On trial of the cause, it was proved that the defendant
had kiln-dried, ground and packed for the plaintiffs, on a
contract for the faithful performance of the work, on a
stipulated compensation of thirty cents a barrel, 161 bar-
rels of corn meal.

The plaintiffs gave evidence tending to show that the
work was not faithfully performed; in consequence of
which, he had sustained, in market, damages to a certain
amount.

The defendant requested the court to charge the jury
that if they found for the plaintiffs, they ought to make a
deduction from the damages sustained, of the sum that
was stipulated to be paid for manufacturing, upon the
ground that the jury were authorized to make all equitable
allowances to the defendant in their assessment of dama-
ges against him, *the price for manufacturing not having been
paid.* The court declined so to charge the jury, but in-
structed them, if they found for the plaintiffs, to assess the
actual damages without regard to the sum stipulated to
be paid for his labor. To which instruction of the
court the counsel for the defendant excepted.

The jury returned a verdict for the plaintiffs to recover
212 dollars damages.

The exception was allowed and certified.

*C. Adams for plaintiffs.*—If plaintiffs are entitled to re-
cover at all, they are entitled to recover their whole dama-
ges. No deduction ought to be made for that which may
be the subject of an opposing claim.

Defendant might have pleaded this claim as a set-off,

or may still bring an action and recover if entitled thereto.

CHITTENDEN,
January,
1834.

Foote & Co.
vs.
Catlin.

In either case plaintiffs may plead payment, or set off their claims against defendant.

The only plausible ground on which this deduction can be urged, is, that the defendant cannot by any possibility recover. But there is nothing in the exceptions which can warrant this position.

It would not follow, even if defendant could not recover in a suit by him to be brought, that therefore the deduction ought to be made.

But in this case, the labor has been performed, and nominally, at least, the contract has been fulfilled. Plaintiffs have accepted the meal, and it has been of some service to them. The extent of this benefit to plaintiffs and their consequent liability are questions which cannot be settled in this action.—*Brown* vs. *Davis,* 6 East. 478, in note.— *Farnsworth* vs. *Garrard,* 1 Camp. 38.—*Shipton* vs. *Casson,* 11 Com. L R. 254.—*Everett* vs. *Gray,* 1 Mass. R. 101.

If the deduction should be made, as contended for by defendant, it could not be pleaded in bar of a future suit by defendant for the same thing.

Defendant must resort to his action, and on a proper issue all these questions can be tried. But to try them in this action operates as a surprize upon the plaintiffs—deprives them of the means of defending against their claim, and may subject them to a second recovery.

*G. P. Marsh for defendant.*—It is clear that the plaintiffs ought not to be put in a better situation, by the neglect or unskilfulness of the defendant, than they would have been, by the faithful performance of the contract.

If the contract had been faithfully performed, the plaintiffs would have been obliged to pay the price agreed for manufacturing. But the effect of the decision of the court below was to give the plaintiffs, as damages, the difference in the value of the damaged and of sound *meal,* without any allowance for the price of manufacturing.

By the sale of the meal, and this recovery, if sustained, they will receive the full price of sound meal, without paying for the milling, which is contrary to natural justice.

2d. This matter need not be pleaded as a set-off, because

CHITTENDEN,
January,
1834.

Foote & Co.
vs.
Catlin.

the declaration shows the price that the plaintiffs were to pay, and the promise to pay was not an independent stipulation, nor could it be enforced without a previous performance by Catlin.

Besides, the claim cannot be made as a technical set off, nor can the defendant sue for it, because he can not show a performance on his part.

He is therefore without remedy unless the allowance be made in this action.

The opinion of the court was pronounced by

MATTOCKS, J.—It seems by the bill of exceptions that the case having gone to trial by jury upon the general issue, the plaintiff having, as he supposed, made out his case, the defendant, without previously setting up his claim for the stipulated price of manufacturing, or giving any evidence tending to show it had not been paid, or giving the plaintiffs any notice or opportunity to show that it had been paid, requested the court to charge the jury that if they found for the plaintiffs they should deduct the price of manufacturing, the defendant saying the price had not been paid. But the court did not sustain the request, nor charge as required.

If the fact of non-payment had been admitted or shown, or evidence given tending to show it, the county court might have so charged; or if they had omitted thus to do, the question would then have been raised in this court whether a plea in offsett was necessary, or whether the allowance ought to have been made under the general issue. But as the bill of exceptions shows no such state of facts, we cannot presume such to have existed; and if they did not, the charge was correct, however the law would be, had the non-payment been shown.

The declaration in the first count alleges that the plaintiffs were to pay the defendant for the manufacturing thirty cents per barrel when they should be thereunto requested; and the second count says that plaintiffs were to pay such reasonable sum as the defendant deserved to have when they should be thereunto requested. It does not appear which count was supported by the proof, and under either a question might have arisen whether the de-

fendant was bound to prove a request or demand of payment.

This among other reasons shows that the request to charge as stated might have been a surprise to the plaintiffs, and that the defendant's attempt to set up his claim was not in time, nor the manner calculated to try its merits.

Foote & Co.
vs.
Catlin.

The judgment of the county court is therefore affirmed.

*Charles Adams* for plaintiffs.

*Geo. P. Marsh* for defendant.

